IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **NAVID ABDUL QUDUS,**<br><br>    Plaintiff**,**<br><br>vs**.**<br><br>**CITY OF ATLANTA,**<br>A municipal corporation of the State of Georgia,<br><br>    Defendant. | CIVIL ACTION FILE NO.:<br><br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

COMES NOW, Plaintiff Navid Abdul Qudus ("Plaintiff") and hereby files this Complaint against Defendant City of Atlanta ("APD" or "Defendant") and respectfully shows the Court the following:

# PARTIES

1.     Plaintiff Navid Abdul Qudus is a naturalized United States citizen born in Kabul, Afghanistan and a Muslim. Plaintiff is a resident of Gwinnett County, Georgia.

2.     Defendant City of Atlanta is a municipal corporation of the State of Georgia and is subject to the jurisdiction of this Court. Defendant City of Atlanta may be served with process through its Mayor Andre Dickens at the Executive Office of the City of Atlanta, 55 Trinity Avenue, Atlanta, GA 30303.

3. Defendant City of Atlanta is a covered employer under Title VII with more than 15 employees. Defendant City of Atlanta is a covered employer under § 1981, and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## JURISDICTION AND VENUE

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this matter involves federal questions arising under Title VII, § 1981, and the United States Constitution. This court also has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4) and 42 U.S.C. § 2000e-5.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because the acts, events, and occurrences giving rise to Plaintiff's claims took place in Atlanta, which is within this judicial district and division.

## ADMINISTRATIVE PREREQUISITES

6. On September 12, 2023, Plaintiff timely filed a Charge of Discrimination (No. 410202312069) alleging retaliation on the basis of National Origin and Religion with the United States Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit A).

7. Plaintiff was issued a Notice of Right to Sue letter on February 6, 2024, and this action is filed within ninety days of said Notice (attached hereto as Exhibit B).

## FACTS

8. In 2021, Plaintiff applied to work for the City of Atlanta Police Department ("APD").

9. In 2023, Plaintiff received a phone call from APD recruitment and interviewed for a position.

10. On or about June 8, 2023, Plaintiff began employment with APD as a Police Officer Recruit and began an orientation and training period.

11. During orientation and training, Plaintiff was subjected to harassment from other recruits on the basis of his race, national origin, and religion.

12. Specifically, on orientation day, a fellow recruit stole Plaintiff's "Class C" uniform. When Plaintiff reported the missing uniform to Sergeant C.J. Murphy, Sgt. Murphy ordered the recruits to search their bags. Sgt. Murphy found Plaintiff's unform in Recruit Graham's bag.

13. Approximately two weeks later, a fellow recruit stole Plaintiff's gym uniform.

14. Twice, on or about July 11, 2023 and July 14, 2023, recruits moved and scratched Plaintiff's car.

15. On or about July 24, 2023, fellow recruits put trash in Plaintiff's lunch box.

16. Throughout the orientation and training period, fellow recruits used discriminatory and offensive language aimed at Plaintiff, mocking his religion, national origin, culture, and race. For example, recruits told Plaintiff "fuck *Alhamdulillah*," an Arabic phrase meaning "praise be to God," and "fuck *Mashallah*," an Arabic phrase meaning "God has willed it."

17. After weeks of harassment, Plaintiff reported the harassment to his supervisor, class coordinator SPO King. On August 14, 2023, Plaintiff wrote the following in a group text that included SPO King: "I have been discriminated by white folks before and I hope it will not happen here because it is a police academy. I have given everything to this institution."

18. Two days later, on August 16, 2023, Sgt. Murphy pulled Plaintiff aside to discuss Plaintiff's complaint. Plaintiff explained everything that had happened, including the uniform theft. Sgt. Murphy told Plaintiff that she would investigate; however, no investigation ever occurred.

19. Instead, Defendant created a pretext to terminate Plaintiff.

20. During the meeting, Sgt. Murphy confronted Plaintiff with his months-old application, a form called Personal History Questionnaire ("PHQ") (attached hereto as Exhibit C). In Section 3 – Education, Subsection 5.3 – School Disciplinary Action, the form asks: "Have you ever had contact with Campus Police or College

-4-

Public Safety." Plaintiff answered "No," to this question, believing that the form was asking if *he* had ever been investigated or reprimanded by campus police.

21. Sgt. Murphy confronted Plaintiff with the fact that about five years previously, while enrolled at Kennesaw State University, Plaintiff contacted campus police about someone bullying and threatening *him*. According to Defendant, this constituted contact with campus police within the meaning of subsection 5.3.

22. Plaintiff's answer to Section 3, 5.3 was an immaterial and inadvertent omission based on a reasonable misinterpretation of the question. Plaintiff passed his background check and otherwise had a clean background.

23. The next day, on August 17, 2023, Defendant terminated Plaintiff for the stated reason that he lied on the application PHQ form (Separation Notice attached hereto as Exhibit D).

24. Upon information and belief, similarly situated APD employees were not subjected to termination for immaterial and inadvertent omissions on application forms.

## **COUNT I – TITLE VII RETALIATION**

25. Plaintiff incorporates the preceding paragraphs as though set forth herein.

26. Title VII forbids retaliation against an employee who opposes unlawful employment discrimination or participates in a protected activity under Title VII.

27. Defendant was Plaintiff's employer as defined by Title VII, 42 U.S.C. § 2000e(b).

28. Plaintiff is from Afghanistan and is a Muslim; therefore he belongs to a protected class based on race, national origin, and religion under Title VII.

29. Plaintiff was qualified for his job and performed it satisfactorily based on his prior experience and performance during the orientation and training period.

30. Plaintiff made a statutorily protected expression when he complained to his supervisor about discriminatory treatment because of his race, national, origin, and religion.

31. Just three days after Plaintiff's complaint, in retaliation for Plaintiff's complaint, Defendant terminated Plaintiff.

32. Defendant's proffered reason for termination – inaccuracies on his application form – was a pretextual basis for termination.

33. Because of Defendant's unlawful actions, Plaintiff was injured and it therefore entitled to all damages allowed by law (including attorney's fees and expenses of litigation) in an amount to be shown and determined at trial.

**COUNT II – RETALIATION IN VIOLATION OF 42 U.S.C. § 1981**

34. Plaintiff incorporates the preceding paragraphs as though set forth herein.

35. Section 1981 forbids retaliating against an employee who opposes unlawful employment discrimination on the basis of race.

36. Plaintiff opposed unlawful discrimination by complaining to his supervisor about discriminatory treatment toward him based on his race.

37. Defendant retaliated against Plaintiff by terminating him under a false pretext.

38. Defendant's actions were intentional and intended to chill Plaintiff's exercise of his federally protected rights.

39. Defendant's unlawful action caused Plaintiff to suffer lost wages and benefits, mental and emotional distress, pain and suffering, costs and attorneys' fees, and other damages for which Defendant is liable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this Court grant the following relief:

a. A trial by jury, pursuant to Federal Rule of Civil Procedure 38(b);

b. Back pay, prejudgment interest, reinstatement or front pay, and further relief appropriate under law and in an amount to be determined at trial;

c. Damages for injuries caused by deprivation rights under federal law;

d. Compensatory damages as allowed by law for deprivation of rights under federal law;

e. Punitive damages as allowed by law for deprivation rights under federal law;

f. Award Plaintiff his reasonable attorneys' fees and expenses of litigation; and

g. Any and other such relief that this Honorable Court or the Finder of Fact deems equitable and just.

Respectfully submitted this 29th day of April, 2024.

By: /s/Douglas R. Kertscher
Douglas R. Kertscher
Georgia State Bar No. 416265
John N. Mahaffey
Georgia State Bar No. 222671
**HILL, KERTSCHER & WHARTON, LLP**
3625 Cumberland Boulevard SE, Suite 1050
Atlanta, Georgia 30339
Tel: (770) 953-0995
Facsimile: (770) 953-13581
Email: drk@hkw-law.com
jm@hkw-law.com

*Attorneys for Plaintiff*